UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDY HARDRICK,

    Petitioner,

v.                                  CASE NO. 09-CV-12301
                                        HONORABLE DENISE PAGE HOOD

BLAINE C. LAFLER,

    Respondent.
_____/

**OPINION AND ORDER
DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Freddy Hardrick has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges petitioner's plea-based convictions for second-degree murder, arson of a dwelling house, and felony firearm. Petitioner alleges that his trial attorney was ineffective, that the trial court should have permitted him to withdraw his guilty plea, and that he is entitled to post-conviction relief pursuant to Michigan Court Rule 6.508(D). The Court has determined from the state court record that Petitioner's attorney was not constitutionally ineffective, that Petitioner was not entitled to withdraw his plea, and that his claim under Rule 6.508(D) is not cognizable on habeas review. Accordingly, the habeas petition must be denied.

## I. BACKGROUND

### A. The Charges, Plea, and Sentence

Petitioner was charged with several crimes in Wayne County, Michigan. In case number 05-9858, he was charged with arson of a dwelling house, home invasion, and two

counts of assault with intent to commit murder. These charges arose from allegations that Petitioner set a house on fire in Detroit on August 2, 2005. In case number 06-1419, Petitioner was charged with first-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of, or attempt to commit, a felony (felony firearm). These charges arose from an incident on June 8, 2005, when Petitioner shot a person named Parker in Highland Park, Michigan. Finally, in case number 05-9857, Petitioner was charged with assault of a police officer and malicious destruction of property.

On February 27, 2006, Petitioner pleaded guilty to arson of a dwelling house, Mich. Comp. Laws § 750.72, second-degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. In exchange for Petitioner's plea, the prosecutor dismissed all the other charges and withdrew a notice charging Petitioner with being a habitual offender. In addition, the parties agreed that the sentence would be eighteen to forty years for the murder conviction, ten to twenty years for the arson conviction, and a consecutive term of two years for the felony firearm conviction.

At the sentence proceeding, Petitioner attempted to withdraw his guilty plea. The trial court denied Petitioner's motion, and then sentenced Petitioner pursuant to the plea and sentencing agreement.

### B. The Appeals

In an application for leave to appeal, Petitioner argued that (1) trial counsel was ineffective for failing to object to the inclusion of several erroneous prior convictions in the presentence report and (2) the trial court abused its discretion by not allowing him to withdraw his guilty plea. The Michigan Court of Appeals denied leave to appeal "for lack

of merit in the grounds presented." *People v. Hardrick*, No. 276250 (Mich. Ct. App. June 19, 2007). On December 28, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Hardrick*, 742 N.W.2d 371 (Mich. 2007) (table).

While Petitioner's direct appeal was pending in the Michigan Supreme Court, he filed a motion for relief from judgment in the trial court. He alleged that trial counsel was ineffective for not meeting with him prior to sentencing, for not offering him an opportunity to review the updated presentence report, and for failing to ensure that only accurate information was contained in the presentence report. He also alleged that appellate counsel was "cause" for his failure to raise his claims previously. The trial court denied Petitioner's post-conviction motion, and the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Hardrick*, Nos. 282228 and 282358 (Mich. Ct. App. Jan. 10, 2008). On July 29, 2008, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Hardrick*, 753 N.W.2d 164 (Mich. 2008) (table).

### C.  The Habeas Petition and Responsive Pleading

Petitioner filed his habeas corpus petition on June 15, 2009. He claims that: (1) trial counsel was ineffective for failing to object to prior convictions erroneously attributed to Petitioner in the presentence report; (2) the trial court abused its discretion by not permitting him to withdraw his guilty plea; (3) trial counsel was ineffective for (a) not meeting with him prior to sentencing, (b) not offering him an opportunity to review the updated presentence report, and (c) failing to ensure that only accurate information was contained in the presentence report; and (4) he is entitled to post-conviction relief pursuant

3

to Michigan Court Rue 6.508(D). Respondent argues in an answer to the habeas petition that defense counsel was not ineffective at sentencing and that Petitioner's other claims are not cognizable on habeas review.

## II. STANDARD OF REVIEW

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523, 146 L.Ed.2d 389 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 529 U.S. at 413; 120 S.Ct. at 1523. "[W]here factual findings are challenged, the habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings are correct." *Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1) and *Landrum v. Mitchell*, 625 F.3d 905, 914

(6th Cir. 2010)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011). To obtain a writ of habeas corpus from a federal court, a petitioner must show that the state court's ruling on his or her claim "was so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, 131 S. Ct. at 786-87.

### III. DISCUSSION

### A. Trial Counsel

Petitioner's first and third claims allege ineffective assistance of trial counsel. Specifically, Petitioner alleges that his trial attorney did not review the file or meet with him before the sentencing, did not review the updated presentence report with him, and failed to object to inaccurate information in the presentence report. The allegedly inaccurate information pertained to prior convictions, which Petitioner claims were committed by his uncle and cousin. Petitioner alleges that the inaccurate information has interfered with his placement in the Department of Corrections and will affect his parole eligibility.

The trial court reviewed Petitioner's claim when denying Petitioner's motion for relief from judgment. The trial court opined that Petitioner was given an opportunity to review the presentence report and that he simply refused to communicate with his attorney in order to delay sentencing.

### 1. Clearly Established Federal Law

5

The Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), is clearly established federal law for purposes of 28 U.S.C. § 2254(d). *Cullen v. Pinholster*, __ U.S. __, __, 131 S. Ct. 1388, 1403, 179 L.Ed. 2d 557 (2011). Under *Strickland*, an attorney is constitutionally ineffective if "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

To establish deficient performance, a habeas petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To demonstrate that counsel's performance was prejudicial, a habeas petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788 (internal and end citations omitted).

## 2.  The Record

At Petitioner's sentencing, the trial court asked defense counsel whether he had an opportunity to read the preresentence report and verify the facts with Petitioner. Defense counsel responded that he had tendered the presentence report to Petitioner that morning and that he presumed Petitioner had read it. When the trial court asked counsel whether Petitioner had notified defense counsel of any changes, Petitioner interrupted and moved for new counsel and to withdraw his plea. The trial court denied Petitioner's requests after concluding that Petitioner was trying to delay the proceeding. The trial court then conducted the following discussion with defense counsel:

THE COURT: Now, you gave your client the pre-sentence report?

MR. DOVAS [defense counsel]: I did.

THE COURT: Did he notify you of any changes to be made in the report?

MR. DOVAS: No. He didn't notify me.

THE COURT: Did you go over the sentencing information –

MR. DOVAS: Yes.

THE COURT: The sentencing guidelines?

MR. DOVAS: Yes – Well, did I; yes. But not with him; no. We haven't –

THE COURT: No. You don't –

Mr. DOVAS: – communicated.

THE COURT: – have to go over it with him. Did you go over it with the prosecutor?

Mr. DOVAS: Yes. Yes.

THE COURT: Is the sentencing guideline correct?

MR. DOVAS: Yes.

THE COURT: All right –

DEFENDANT: Excuse me.

THE COURT: Is there anything you want to say before I impose sentencing, counsel?

MR. DOVAS: No.

THE COURT: Anything from the People?

MR. AHMED [the prosecutor]: No, Judge.

(Tr. Mar. 14, 2006, at 5-6.)

The trial court then asked Petitioner whether he had anything to say. Petitioner

responded that he wanted to withdraw his plea and go to trial. He stated that counsel had misled him by telling him that he would have to spend the rest of his life in prison or take twenty to forty years. He claimed that he had been "scared for [his] life" when he pleaded guilty and that he wanted a "second chance to go to trial and fight [his] cases." The trial court denied Petitioner's motion and proceeded to sentence him pursuant to the plea and sentencing agreement.

### 3. Analysis

An attorney has a duty to consult with his client, *Strickland,* 466 U.S. at 688, 104 S. Ct. at 2065, and "[a] defense attorney's failure to reasonably investigate a defendant's background and present mitigating evidence . . . at sentencing can constitute ineffective assistance." *Henness v. Bagley*, 644 F.3d 308, 322 (6th Cir. 2011) (citing *Wiggins v. Smith*, 539 U.S. 510, 522–23, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); *Williams v. Taylor*, 529 U.S. 362, 395–96, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000)). In this case, however, Petitioner was provided a copy of the presentence report. The record indicates that he failed to inform defense counsel of inaccuracies in the presentence report and, when given an opportunity to address the trial court, he said nothing about the contents of the presentence report. Under the circumstances, defense counsel was not ineffective for failing to inform the trial court of inaccuracies in the presentence report. *See id.* at 323 (stating that Henness could not establish prejudice to support his claim of ineffective assistance of counsel where Henness refused to cooperate with his attorney at sentencing and prevented counsel from presenting mitigating evidence).

Furthermore, there is no indication in the record that the trial court relied on the allegedly incorrect information in Petitioner's presentence report. Instead, the court

sentenced Petitioner pursuant to the parties' plea and sentencing agreement, which was formalized *before* the presentence report was prepared. (Tr. Feb. 27, 2006, at 16.)

Petitioner has not demonstrated that the allegedly incorrect information in the presence report "had an ascertainable and 'dramatic' impact on the sentencing authority." *Zant v. Stephens*, 462 U.S. 862, 903, 103 S. Ct. 2733, 2756, 77 L. Ed. 2d 235 (1983) (Rehnquist, J., concurring). The Court therefore concludes that, even if trial counsel's performance was deficient, the alleged deficiencies did not prejudice Petitioner. *See United States v. Stevens*, 851 F.2d 140, 145 (6th Cir. 1988) (concluding that counsel's failure to apprise the trial court of alleged inaccuracies in the presentence report was harmless error because the trial court did not rely on inaccurate information when sentencing the defendant and, therefore, counsel's performance did not prejudice the defense). Petitioner is not entitled to relief on the basis of his ineffectiveness claim.

### B. Denial of the Motion to Withdraw the Guilty Plea

The second habeas claim alleges that the trial court abused its discretion by not permitting Petitioner to withdraw his guilty plea prior to sentencing. Petitioner alleges that he pleaded guilty because he was under duress and did not have sufficient time to consider the plea bargain, which was offered to him on the day of trial.

Because a guilty plea involves a waiver of constitutional rights, it must be a knowing, voluntary, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States,* 397 U.S. 742, 748, 90 S. Ct. 1463, 1469, 25 L.Ed.2d 747 (1970); *Fautenberry v. Mitchell*, 515 F.3d 614, 636-37 (6th Cir. 2008). The defendant must appreciate the consequences of his plea, waive his rights without coercion, and understand the rights that he is surrendering. *Ruelas v. Wolfenbarger*, 580 F.3d 403,

408 (6th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 3322 (2010). The voluntariness of a plea is "determined only by considering all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749, 90 S. Ct. at 1469.

At the plea in this case, Petitioner was fully advised of the plea and sentencing agreement, of the rights that he was waiving by pleading guilty, and of the maximum penalty for each of the crimes to which he was pleading guilty. He claimed to understand the consequences of his plea and the rights that he was waiving. He stated that nobody had threatened him to make him plead guilty and that he was pleading guilty because he was guilty. He also denied having any questions about any of the things that the trial court had said. (Tr. Feb. 27, 2006, at 3-12.)

At a subsequent point in the proceeding, the trial court asked Petitioner if he still wanted to plead guilty. When Petitioner failed to respond, the trial court informed him that there was a jury waiting outside the door, that the court was ready to try the case, and that Petitioner had a constitutional right to try the case. The trial court then asked Petitioner what he wanted to do. He responded that he wanted to plead guilty. He then provided a factual basis for his plea, and the trial court accepted his plea. (Tr. Feb. 27, 2006, at 12-16.)

The record indicates that Petitioner's plea was knowing and voluntary, and he had no absolute or constitutional right to withdraw a knowing and voluntary guilty plea. *Martuzas v. Reynolds*, 983 F. Supp. 87, 90 (N.D. N.Y.1997); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D. N.Y. 1978). "[H]aving been fully advised of his rights and the consequences of his plea, [Petitioner] has stated no basis for permitting [him] to withdraw his solemn admission of

guilt." *Siers v. Ryan*, 773 F.2d 37, 42 (3rd Cir. 1985). The Court therefore declines to grant relief on the basis of Petitioner's claim that the trial court abused its discretion by denying his motion to withdraw his guilty plea.

### C.  Application of Michigan Court Rule 6.508(D)

Petitioner alleges in his fourth and final claim that he is entitled to post-conviction relief pursuant to Michigan Court Rule 6.508(D)(3), which provides:

> **(D) Entitlement to Relief.** The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> . . . .
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief . . . .

The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on collateral review because Petitioner failed to establish entitlement to relief under Rule 6.508(D). Petitioner maintains that his appellate attorney was "cause" for his failure to raise his claims on direct review and, therefore, he is entitled to post-conviction relief.

Whether Petitioner is entitled to relief under Rule 6.508(D) is a matter of state law, and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L Ed. 2d 606 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution,

11

laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam)).

Furthermore, this Court has not held that Petitioner's claims are procedurally defaulted as a result of a failure to raise claims on direct review. Therefore, it is unnecessary to consider whether appellate counsel was "cause" for a procedural default. As Petitioner has failed to allege a federal constitutional claim, the Court declines to grant relief on the basis of his fourth claim.

## IV. CONCLUSION

The state court decisions in this case were not contrary to federal law, unreasonable applications of federal law, or unreasonable determinations of the facts. Accordingly, the petition for a writ of habeas corpus [docket entry #1, filed June 15, 2009] is **DENIED**.

The Court declines to grant a certificate of appealability because reasonable jurists would not debate whether the issues should have been resolved differently or whether the claims deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000). Nevertheless, if Petitioner chooses to appeal this Court's decision, he may proceed *in forma pauperis* on appeal because an appeal would not be frivolous and could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: November 30, 2011          S/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

09-12301 Hardrick v. Lafler  
Opinion & Order Denying Petition for a Writ of Habeas Corpus

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon Freddy Hardrick, 440921, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 and counsel of record on November 30, 2011, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager